UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NOE C. VILLARREAL,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>SUPERIOR COURT MERCED CO, et al.,<br><br>　　　　Defendants. | No.  1:24-cv-01143 KES GSA (PC)<br><br>FINDINGS AND RECOMMENDATIONS<br><br>ORDER RECOMMENDING DISMISSAL OF MATTER FOR FAILURE TO OBEY COURT ORDERS AND FOR FAILURE TO PROSECUTE<br><br>ECF Nos. 13, 14<br><br>PLAINTIFF'S OBJECTIONS DUE IN FOURTEEN DAYS |

Plaintiff is a litigant who was previously housed at Atascadero State Hospital and who is proceeding pro se in this action.  He seeks relief pursuant to 42 U.S.C. § 1983 and other federal statutes.  This proceeding was referred to undersigned by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1)(B).

For the reasons stated below, the undersigned will recommend that this matter be dismissed without prejudice for failure to obey court orders and for failure to prosecute.  Plaintiff will be given fourteen days to file objections to this order.

I.   RELEVANT FACTS

　　A.   Screening of Complaint

On September 26, 2024, Plaintiff's complaint was docketed.  ECF No. 1.  On November

1

7, 2024, the Court screened Plaintiff's complaint and determined that it violated Federal Rules of Civil Procedure 8(a)(2) and (d)(1) and that it also failed to state a claim upon which relief could be granted pursuant to 28 U.S.C. § 1915A(a)-(b)(1). ECF No. at 9 (screening order). As a result, Plaintiff was directed to file an amended complaint. Id. Plaintiff was given thirty days to do so. Id.

B.  Screening of First Amended Complaint

On January 8, 2025, Plaintiff's first amended complaint ("FAC") was docketed. ECF No. 11. Thereafter, on March 5, 2025, Plaintiff lodged an unsolicited second amended complaint ("SAC") with the Court. ECF No. 12. On March 11, 2025, the Court disregarded the SAC as improperly filed, and it screened Plaintiff's FAC. ECF No. 13. After doing so, once again the Court found that the FAC violated Rule 8 and that it failed to state any claim upon which relief could be granted. ECF No. 13 at 7 (FAC screening order).

Based on these findings, Plaintiff was given a second opportunity to file an amended complaint. ECF No. 13 at 7. Again, he was given thirty days to do so. Id.

C.  Issuance of Order to Show Cause

Plaintiff failed to timely file a SAC. As a result, on April 25, 2025, the Court issued an order directing Plaintiff to show cause why this matter should not be dismissed for failure to obey a court order. ECF No. 14 (order to show cause). An alternative to filing the showing of cause, the Court gave Plaintiff the options of either filing the SAC, or voluntarily dismissing this case. Id. at 2-3. Once again, Plaintiff was given thirty days to take either course of action. Id. at 2.

D.  Return of Order to Show Cause to Court

On May 6, 2025, the Court's order that had directed Plaintiff to show cause was returned to it marked "Undeliverable, Not at Facility, Unable to Forward." See 5/6/25 docket entry. Since then, there has been no activity on the docket by Plaintiff. He has not filed a SAC as he was previously directed to do, nor has he filed a request for an extension of time to do so. Plaintiff has not responded to either of the Court's orders in any way. Nor has he timely filed a notice of change of address with the Court..

II. APPLICABLE LAW

  A. Federal Rule of Civil Procedure 41(b) and Local Rules 110, 182(f) and 183(b)

Federal Rule of Civil Procedure 41 permits this Court to dismiss a matter if a plaintiff fails to prosecute or he fails to comply with a court order. See Fed. R. Civ. P. 41(b). Local Rule 110 also permits the imposition of sanctions when a party fails to comply with a court order. L.R. 110.

Local Rule 182(f) permits service to be effective service at a prior address if a party fails to notify the Court and other parties of his address change. Id. Finally, Local Rule 183(b) gives a party who appears in propria persona a period of time to file a notice of change of address if some of his mail is returned to the Court. Id.

  B. Malone Factors

The Ninth Circuit has clearly identified the factors to consider when dismissing a case for failure to comply with a court order. It writes:

> A district court must weigh five factors in determining whether to dismiss a case for failure to comply with a court order: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions."

Malone v. United States Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (quoting Thompson v. Hous. Auth. of City of Los Angeles, 782 F.2d 829 (9th Cir. 1986) (per curiam)).

III. DISCUSSION

  A. Rule 41(b) and Local Rules 110, 182(f) and 183(b) Support Dismissal of This Case

Although the docket indicates that Plaintiff's copy of the order directing him show cause was returned to the Court, Plaintiff was properly served. It is a plaintiff's responsibility to keep a court apprised of his current address at all times. Pursuant to Local Rule 182(f), service of documents at the record address of the party is fully effective. The fact that Plaintiff failed to file a notice of change of address with the Court by itself warrants the dismissal of this matter, in

3

accord with Rule 41(b) and Local Rules 110 and 183(b).

### B. Application of Malone Factors Supports the Dismissal of This Case

#### 1. Expeditious Resolution of Litigation; Court's Need to Manage Its Docket

Plaintiff has been given sufficient time to file a notice of change of address as well as to comply with the Court's screening order and / or its order to show cause. Despite this fact, he has failed to do either, nor has he contacted the Court to provide exceptional reasons for not having done so.

The Eastern District Court has an unusually large caseload.[1]  "[T]he goal of fairly dispensing justice . . . is compromised when the Court is forced to devote its limited resources to the processing of frivolous and repetitious requests."  Whitaker v. Superior Court of San Francisco, 514 U.S. 208, 210 (1994) (brackets added) (citation omitted).  Thus, it follows that keeping this case on the Court's docket when Plaintiff has not attempted to file a notice of current address with the Court, or to respond to its screening order and its order to show cause is not a good use of the Court's already taxed resources.

#### 2. Risk of Prejudice to Defendants

Furthermore, because viable Defendants have yet to be identified and served in this case, no one has put time and effort into defending against it. As a result, there will be no prejudice to anyone other than Plaintiff if the matter is dismissed. On the contrary, dismissal will benefit any potentially viable Defendants because they will not have to defend themselves against Plaintiff's complaint.

#### 3. Availability of Less Drastic Sanctions; Favored Disposition of Cases on Merits

Finally, given that Plaintiff has had sufficient time under the Local Rules to file a change

---

[1] The Eastern District of California carries one of the largest and most heavily weighted caseloads in the nation. See Office of the Clerk, United States District Court, Eastern District of California, 2024 Annual Report, "Weighted Filings," p. 35 (2024) ("[O]ur weighted caseload far exceeds the national average . . . ranking us fourth in the nation and first in the Ninth Circuit."). This problem is compounded by a shortage of jurists to review its pending matters. See generally id. (stating 2024 Biennial Judgeship Survey recommended request for four additional permanent judgeships for Eastern District of California).

4

1  of address[2] since its order directing Plaintiff to file a notice of current address with the Court
2  issued, without the filing of a notice of new address by Plaintiff, there is no less drastic option
3  than dismissal.  Although the disposition of cases on their merits is preferred, this matter cannot
4  be prosecuted without a current address for Plaintiff and without participation by Plaintiff, nor
5  can it be disposed of on its merits.

### IV.   CONCLUSION

For these reasons, consistent with Federal Rule of Civil Procedure 41(b) and Local Rules 110, 182(f) and 183(b), and having considered the Malone factors, the undersigned recommends that this matter be dismissed without prejudice for failure to prosecute.  Despite the fact that Plaintiff has not kept the Court apprised of his current address, and that no viable Defendants have been identified and served, a period of fourteen days will nonetheless be given for Plaintiff to file objections to this order.  However, should this order be returned to the Court marked undeliverable before the end of the fourteen-day period, the District Judge assigned to this action may dismiss it immediately.

Accordingly, IT IS HEREBY RECOMMENDED that this matter be DISMISSED without prejudice for failure to obey a court order and for failure to prosecute.  See Fed. R. Civ. P. 41(b); Local Rules 110, 183(b).

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, Plaintiff may file written objections with the Court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and it shall not exceed fifteen pages.

The Court will not consider exhibits attached to the objections.  To the extent that Plaintiff wishes to refer to any exhibit, when possible, Plaintiff must reference the exhibit in the record by its CM/ECF document and page number or reference the exhibit with specificity.  Any pages filed in excess of the fifteen-page limit may be disregarded by the District Judge when conducting the

---

[2]  In 2025, the period that a litigant appearing in propria person has to file a notice of change of address was reduced from sixty-three days to thirty days.  See Local Rule 183(b).

28 U.S.C. § 636(b)(l)(C) review of the findings and recommendations. Plaintiff's failure to file objections within the specified time may result in the waiver of certain rights on appeal. See Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014); Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **June 24, 2025**         **/s/ Gary S. Austin**
                                 UNITED STATES MAGISTRATE JUDGE