1

2

3

4

5

6

7

8            UNITED STATES DISTRICT COURT

9         FOR THE EASTERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11 NOE C. VILLARREAL, | No.  1:24-cv-01143 KES GSA (PC) |
| 12 Plaintiff, | FINDINGS AND RECOMMENDATIONS |
| 13 v. | ORDER RECOMMENDING DISMISSAL OF MATTER FOR FAILURE TO STATE A |
| 14 SUPERIOR COURT MERCED CO, et al., | CLAIM AND FAILURE TO COMPLY WITH FEDERAL RULE OF CIVIL PROCEDURE 8 |
| 15 Defendants. | PLAINTIFF'S OBJECTIONS DUE IN |
| 16 | FOURTEEN DAYS |

17

18        Plaintiff is a litigant who was previously housed at Atascadero State Hospital at the time

19   he filed the current Second Amended Complaint, is proceeding pro se in this action.  He seeks

20   relief pursuant to 42 U.S.C. § 1983 and other federal statutes.  This proceeding was referred to

21   this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1)(B).

22        For the reasons stated below, the undersigned will recommend that this matter be

23   dismissed without prejudice for failure to state a claim and for failure to comply with Federal

24   Rules of Civil Procedure 8(a)(2) and (d)(1).  Plaintiff will be given fourteen days to file

25   objections to this order.

26        I.        RELEVANT PROCEDURAL HISTORY

27             A.    Screening of Complaint

28        On September 26, 2024, Plaintiff's original complaint was docketed.  ECF No. 1.  On

1

November 7, 2024, the Court screened Plaintiff's complaint and determined that it violated Federal Rules of Civil Procedure 8(a)(2) and (d)(1),  and that it also failed to state a claim upon which relief could be granted pursuant to 28 U.S.C. § 1915A(a)-(b)(1).  ECF No. 9 at 8 (screening order).  As a result, Plaintiff was directed to file an amended complaint.  Id.  Plaintiff was given thirty days to do so.  Id.

### B.    Screening of First Amended Complaint

On January 8, 2025, Plaintiff's first amended complaint ("FAC") was docketed.  ECF No. 11.  Thereafter, on March 5, 2025, Plaintiff lodged an unsolicited second amended complaint ("SAC") with the Court.  ECF No. 12.  On March 11, 2025, the Court disregarded the SAC as improperly filed, and screened Plaintiff's FAC.  ECF No. 13.  After doing so, once again the Court found that the FAC violated Rule 8 and failed to state any claim upon which relief could be granted.  ECF No. 13 at 7 (FAC screening order).

Based on these findings, Plaintiff was given a second opportunity to file an amended complaint.  ECF No. 13 at 7.  Again, he was given thirty days to do so.  Id.

### C.    Issuance of Order to Show Cause

Plaintiff failed to timely file a SAC.  As a result, on April 25, 2025, the Court issued an order directing Plaintiff to show cause why this matter should not be dismissed for failure to obey a court order.  ECF No. 14 (order to show cause).  An alternative to filing the showing of cause, the Court gave Plaintiff the options of either filing the SAC or voluntarily dismissing this case.  Id. at 2-3.  Once again, Plaintiff was given thirty days to take either course of action.  Id. at 2.

### D.    Return of Order to Show Cause and Findings and Recommendations to Court

On May 6, 2025, the Court's order that had directed Plaintiff to show cause was returned to it marked "Undeliverable, Not at Facility, Unable to Forward."  See 5/6/25 docket entry. Thereafter, the resulting findings and recommendations order issued by the Court on June 25, 2025 (see ECF No. 15), was also returned to it marked "Undeliverable, RTS, Attempted – Not Known, Unable to Forward."  See 7/8/25 docket entry.

1      E. Withdrawal of Findings and Recommendations Order

2          On June 26, 2025, a letter filed by Plaintiff was docketed. ECF No. 16. In it, Plaintiff

3  stated that he had filed "the papers" with the Court, but he had never received anything back from

4  the Court. ECF No. 16 at 1. Based on Plaintiff's representation, the Court withdrew its findings

5  and recommendations order and directed Plaintiff yet again to file an amended complaint. ECF

6  No. 17. Plaintiff was also directed to file a notice of change address with the Court. Id. at 3-4.

7  Plaintiff was given thirty days to file the amended complaint. Id.

8          On July 24, 2025, Plaintiff's second amended complaint ("SAC") was docketed. ECF No.

9  18. Prior to making any recommendations, the Court considers its contents herein.

10     II.  PLAINTIFF'S SECOND AMENDED COMPLAINT

11         A review of Plaintiff's SAC indicates that it continues to suffer from the same problems

12  contained in both his original complaint and FAC. Compare ECF No. 9 (screening of original

13  complaint), ECF No. 13 (screening order of first amended complaint). Specifically, the SAC

14  violates Federal Rules of Civil Procedure 8(a)(2) and (d)(1) (short and plain statement; simple

15  concise and direct requirements), and fails to state any claim upon which relief could be granted.

16  See generally ECF No. 18. Once again, Plaintiff's pleading is virtually unintelligible. See

17  generally id.

18     III.  APPLICABLE LAW

19         A. Short and Plain Statement and Concise and Direct Allegation Requirements

20         Rule 8 of the Federal Rules of Civil Procedure mandates that a complaint include a "short

21  and plain statement of the claim" (see Fed. R. Civ. P. 8(a)(2)), and that each allegation "be

22  simple, concise, and direct" (see Fed. R. Civ. P. 8(d)(1)).  A complaint that is so confusing that

23  its "true substance, if any, is well disguised' may be dismissed for failure to satisfy Rule 8.

24  Hearns v. San Bernardino Police Dep't,, 530 F.3d 1124, 1131 (9th Cir. 2008) (quoting Gillibeau

25  v. City of Richmond, 417 F.2d 426, 431 (9th Cir. 1969)); see also McHenry v. Renne, 84 F.3d

26  1172, 1180 (9th Cir. 1996) ("Something labeled a complaint but written . . . prolix in evidentiary

27  detail, yet without simplicity, conciseness and clarity as to whom plaintiffs are suing for what

28  wrongs, fails to perform the essential functions of a complaint."); Nevijel v. N. Coast Life Ins.

1   Co., 651 F.2d 671, 673-74 (9th Cir. 1981) (affirming a dismissal with prejudice for failure to

2   comply with Rules 8(a) and 8(e), finding that both the original complaint and an amended

3   complaint were "verbose, confusing and conclusory").  Pro se litigants are not exempt from

4   following court rules.  See generally Briones v. Riviera Hotel & Casino, 116 F.3d 379, 382 (9th

5   Cir. 1997); see, e.g., Draper v. Coombs, 792 F.2d 915, 924 (9th Cir. 1986) (denying pro se

6   litigant's motion to compel discovery due to untimely filed, improperly formatted interrogatories).

7                  **B.  Duty to Manage Dockets in Just and Speedy Manner**

8        Courts have a duty to manage their dockets in a manner that is just and speedy.  See Fed.

9   R. Civ. P. 1; see In re Phenylpropanolamine, 460 F.3d 1217, 1227 (9th Cir. 2006) (stating orderly

10   and expeditious resolution of disputes is of great importance to rule of law and delay in reaching

11   merits is costly in money, memory, manageability, and confidence in process).  Both the Court

12   and the public have an interest in the disposal of cases in an expedient manner.  See generally

13   Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998) (presuming public has interest

14   in expeditious litigation).

15       **IV.   DISCUSSION**

16        In the first screening order, the Court found that Plaintiff's original complaint was almost

17   completely unintelligible, that it violated Federal Rules of Civil Procedure 8(a)(2) and (d)(1)

18   (short and plain statement; simple concise and direct requirements), and that if failed to state any

19   claim upon which relief could be granted.  ECF No. 9 at 6, 8.  Plaintiff was given leave to amend,

20   but he was warned that his failure to comply with the Court's guidance regarding how to remedy

21   the problems with the complaint might result in a recommendation that this matter be dismissed.

22   See id. at 6-8.

23        When Plaintiff's FAC was screened, the same problems were found to exist.  See ECF

24   No. 13 at 4-5 (undersigned finding that FAC "suffer[ed] from precisely the same deficiencies as

25   [Plaintiff's] original complaint.").  Specifically, it was found that like Plaintiff's original

26   complaint, it, too, violated Rules 8(a)(2) and (d)(1), and it also failed to state a claim.  Id. at 4-7.

27   Despite this fact, Plaintiff was given yet another opportunity to file an amended complaint.  At

28   that time, Plaintiff was yet again cautioned that his failure to comply with the Court's order could

1   result in a recommendation that this matter be dismissed.  Id. at 7.

2        Even though the Court has given Plaintiff two opportunities to amend his original

3   complaint, and that both times it alerted Plaintiff as to the shortcomings of his complaints,

4   Plaintiff's SAC  continues to suffer from the same glaring deficiencies as his first two complaints.

5   Confusing pleadings like the ones Plaintiff has filed in this case place unfair burdens on litigants

6   and judges.  See McHenry v. Renne, 84 F.3d 1172, 1179 (9th Cir. 1996).

7        In light of these facts, the undersigned finds that giving Plaintiff yet another opportunity to

8   file an amended complaint would be an exercise in futility, and doing so would continue to

9   burden the Court's docket unnecessarily.  For these reasons, the undersigned will recommend that

10  this matter be dismissed without prejudice for failure to state a claim and for failure to comply

11  with Federal Rules of Civil Procedure 8(a)(2) and (d)(1).

12       Accordingly, IT IS HEREBY RECOMMENDED that this matter be DISMISSED without

13  prejudice for failure to state a claim (see 28 U.S.C. § 1915A(a)-(b)(1)) and for failure to comply

14  with Federal Rules of Civil Procedure 8(a)(2) and (d)(1).

15       These findings and recommendations are submitted to the United States District Judge

16  assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

17  after being served with these findings and recommendations, Plaintiff may file written objections

18  with the Court.  Such a document should be captioned "Objections to Magistrate Judge's Findings

19  and Recommendations," and it shall not exceed fifteen pages.

20       The Court will not consider exhibits attached to the objections.  To the extent that Plaintiff

21  wishes to refer to any exhibit, when possible, Plaintiff must reference the exhibit in the record by

22  its CM/ECF document and page number or reference the exhibit with specificity.  Any pages filed

23  in excess of the fifteen-page limit may be disregarded by the District Judge when conducting the

24  28 U.S.C. § 636(b)(l)(C) review of the findings and recommendations. Plaintiff's failure to file

25  objections within the specified time may result in the waiver of certain rights on appeal.  See

26

27  Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014); Martinez v. Ylst, 951 F.2d 1153 (9th

28  Cir. 1991).

IT IS SO ORDERED.

Dated:    **July 25, 2025**                      **/s/ Gary S. Austin**
                                          UNITED STATES MAGISTRATE JUDGE